IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LADELL EVANS and
BRANDON HARRISON,

                        Plaintiffs,                      OPINION AND ORDER

    v.

                                                              18-cv-194-wmc

CO GALLINGER and JOHN DOE #1,

                        Defendants.

*Pro se* plaintiffs LaDell Evans' and Brandon Harrison's Eighth Amendment claims against defendants, Correctional Officers Gallinger and John Doe #1, have been previously screened to go forward in this lawsuit pursuant to 42 U.S.C. § 1983, based on defendants' alleged failure to act on plaintiffs' reports on December 11, 2017, that they could not breathe in their shared cell due to sewer gas fumes. There are two pending issues that require the court's attention. First, plaintiffs' deadline to identify the Doe defendant was October 4, 2019. (*See* 8/12/19 Order (dkt. #35) 5.) Neither plaintiff has filed a proposed amended complaint that identifies Doe, nor has either sought an extension of the October 4 deadline. Accordingly, the court will dismiss John Doe #1 from this lawsuit. Second, defendant Gallinger has filed a motion for summary judgment against both plaintiffs based on their claimed failure to exhaust administrative remedies. For the following reasons, the court will deny the motion.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, a prisoner also must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), that are "in the place . . . at the time, [as] the [institution's] administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *see Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). If a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendant* bears the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

In Wisconsin, prisoners may also use the Inmate Complaint Review System ("ICRS") to raise issues regarding rules, living conditions, staff actions affecting institution environment and civil rights. Wis. Adm. Code § DOC 310.08(1). Prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. *Id.* § DOC 310.09(6). The inmate complaint examiner may accepted a late complaint upon a showing

of good cause. *Id.* DOC 310.07. The complaint may "[c]ontain only one issue per complaint, and shall clearly identify the issue." *Id.* § 310.09(e). If the institution complaint examiner rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal the rejection. *Id.* § 310.11(6). If the complaint is not rejected, the institution examiner makes a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.11(6). The offender complaint is then decided by the appropriate reviewing authority, whose decision can be appealed by the inmate to a correctional complaint examiner ("corrections examiner"). *Id.* §§ 310.12, 310.13. The corrections examiner then makes a recommendation to the Secretary of the Department of Corrections, who takes final action. *Id.* §§ 310.13, 310.14.

Defendants submit undisputed evidence of the inmate complaints Evans and Harrison submitted related to the December 11, 2017, incident. On January 3, 2018, Evans filed WSPF-2018-281, and on January 8, 2018, Harrison filed WSPF-2018-643. Both complaints allege that they were subjected to toxic fumes that were filtered into their cell through an air vent and the shower drain. (Ex. 1002 (dkt. #38-3) 7-8; Ex. 1003 (dkt. #38-4) 7-8.) Of relevance, both plaintiffs represented that they had attempted to resolve the issue informally before filing the complaint, but neither received a response to their inquiries. Specifically, Evens wrote that he wrote to the health services unit four times, the security director two times, the unit manager two times, and the warden one time, but received no response (Ex. 1002 (dkt. #38-3) 7); and Harrison represented that he attempted to resolve the issue by talking to CO Gallinger and by writing to the security director, but the security director did not respond (Ex. 1003 (dkt. #38-4) 7).

Inmate Complaint Examiner ("ICE") Ellen Ray reviewed both inmate complaints, and Ray rejected both complaints for being filed more than 14 days after the date of the occurrence giving rise to the complaint, and because neither Evans nor Harrison showed good cause to extend the 14-day deadline to file an inmate complaint. (Ex. 1002 (dkt. #38-3) 2; Ex. 1003 (dkt. #38-4) 2.) While both plaintiffs appealed the rejection, arguing that they were each trying to resolve the issue informally and were waiting for a response before filing their complaints, the Reviewing Authority, Warden Boughton, agreed with Ray's recommendation to reject the complaints. Evans received his copy of Warden Boughton's decision on January 11, 2018, and Harrison received his copy on January 24, 2018.

Defendant argues that Evans and Harrison failed to exhaust their administrative remedies because the inmate complaints were properly rejected as untimely. Specifically, he argues that since the incident related to the sewer gas occurred on December 11, 2017, their deadline to file an inmate complaint was December 25, 2017, making their respective filing of inmate complaints until January 3 and 8, 2018, untimely. However, defendant does not elaborate on why ICE Ray's conclusion that neither plaintiff made a showing of good cause was proper.

This is a problem, since plaintiffs point out in their complaints that they had been communicating with various prison officials in an effort to resolve their issues informally, and Evans now represents that they were doing so at the direction a correctional officer.[1]

---

[1] In contrast, plaintiffs' other argument lacks merit. They suggest that the inmate complaint was timely because the date written on the complaint was "12-11-17-on-going," seeking to invoke the principle from *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013), that an inmate complaint is

4

More specifically, plaintiff Evans avers that they intended to file timely inmate complaints about the incident from December 11, 2017, but Correctional Officer McDaniels directed both of them to wait 14 working days *before* filing an inmate complaint, so that plaintiffs could "follow the established chain of command" by writing to "[t]he Unit Manager, Security Directed, and then also the Warden," as well as giving them "an appropriate amount of time to respond" before filing an inmate complaint. (Evans Decl. (dkt. #39).) Plaintiffs' position is that this directive caused their delay, pointing out that if they refused to follow McDaniels' directive, they would be subject to discipline. Defendant Gallinger has not responded to this argument, nor has he suggested that there is a genuine factual dispute related to McDaniels' directions to plaintiffs.

While the DOC's 14-day deadline to file an inmate complaint may have been clear, CO McDaniels' undisputed statements to both plaintiffs about following the "chain of command" and waiting 14 days to file the inmate complaint, muddied the waters. In particular, when a prisoner's failure to exhaust properly his administrative remedies is attributable to prison staff's conduct, the court will not dismiss a claim for failure to exhaust, especially when only a matter of a few weeks difference is at stake. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) ("[W]hen prison officials prevent inmates from using the administrative process . . . the process that exists on paper becomes unavailable in reality."); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (dismissal inappropriate when prisoner failed to complete grievance process due to prison officials' misinformation).

---

timely if the problem raised is ongoing. However, plaintiffs' allegations in their complaint do not suggest that the sewer gas issue was a continuous problem, and their opposition brief does not elaborate as to *how* the issue was ongoing.

Indeed, in similar circumstances, this court has concluded that an inmate complaint submitted after the 14-day deadline did not amount to a failure to exhaust because prison officials caused confusion about what the prisoner must do before filing a complaint. *See Hudson v. Radtke*, No. 08-cv-458-BBC, 2009 WL 1597259, at *4 (W.D. Wis. June 5, 2009) (grievance found to be timely, in part, because warden told inmate he had to resolve grievance through "the chain of command" before filing an inmate complaint).

Since defendant has not carried his burden of proving that plaintiffs failed to exhaust their administrative remedies with respect to their claims in this lawsuit, the court will deny his motion.

ORDER

IT IS ORDERED that:

1) John Doe #1 is DISMISSED for plaintiffs' failure to file an amended complaint that identifies that defendant by the October 4, 2019, deadline.

2) Defendant's motion for summary judgment for plaintiffs' failure to exhaust administrative remedies (dkt. #36) is DENIED.

Entered this 13th day of January, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge