IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LADELL EVANS and
BRANDON HARRISON,

        Plaintiffs,                       OPINION AND ORDER

  v.

                                                  18-cv-194-wmc

CO GALLINGER,

        Defendant.

*Pro se* plaintiffs LaDell Evans and Brandon Harrison were granted leave to proceed on an Eighth Amendment claim that defendant Correctional Officer Shawn Gallinger acted with deliberate indifference to plaintiffs' reports that they could not breathe due to sewer gas fumes in their shared cell. (Dkt. #25.) Evans subsequently filed a motion for sanctions against defendant Gallinger for failing to preserve video footage that captured events related to his claims on December 11, 2017. (Dkt. #54.)[1] Although the court will deny Evans' motion, defendant's opposition renews ongoing questions about the video retention policies and practices of the Wisconsin Department of Corrections ("DOC"). Accordingly, the court will direct defense counsel to provide further information to guide the court in determining how to evaluate further video preservation questions in this and similar cases.

---

[1] Because Evans alone signed the motion, and Harrison has not subsequently sought leave to join the motion, the court has considered it filed only on Evans' behalf. Evans is not Harrison's attorney; both plaintiffs are proceeding *pro se* in this lawsuit. Therefore, for the court to consider an issue to be presented by both plaintiffs under Federal Rule of Civil Procedure 11, each of them must submit their own motions, both must sign a joint motion or, at minimum, the nonmoving plaintiff must file a statement indicating that he joins in the other's motion.

OPINION

Federal Rule of Civil Procedure 37 permits the court to sanction a party who fails to preserve evidence and was under a duty to do so. Such a duty arises when a party knows or should know that litigation is imminent. *Trask-Morton v. Motel 6 Operating, L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). In circumstances in which electronically stored information was lost because a party failed to take reasonable steps to preserve it, the court may: (1) upon finding prejudice, order measures no greater than necessary to cure the prejudice; or (2) upon finding of intent to deprive another party of information, presume the information was unfavorable, instruct the jury of this presumption or dismiss the action. Fed. R. Civ. P. 37(e)(1)-(2).

Here, even though Evers specifically asked in his January 2018 inmate complaint that camera footage surrounding the December 11, 2017, sewer gas incident be preserved, defendant Gallinger responded to plaintiff's subsequent discovery request by representing that no such footage exists. Evans claims that video evidence from the hallway outside his cell did exist when he originally asked that it be preserved, and that it would have shown (1) which correctional officer was in his range during the relevant time period, (2) that he was rattling his cell door to get officers' attention but they ignored him, and (3) that he was having trouble breathing by the time he was ultimately removed from his cell.

In opposition, defendant Gallinger first argues that the duty to preserve the footage was not triggered by Evans' inmate complaint, because the institution receives too many complaints for his request to serve that purpose. To the extent this argument represents the position of the Wisconsin Department of Corrections ("DOC"), it is not well taken.

The court appreciates that prison officials process thousands of inmate complaints every year, but given that inmate complaints are a required first step for inmates to pursue a claim in this court, it makes perfect sense that the inmate complaint would trigger the obligation to preserve any video footage, particularly when expressly requested by the inmate. Moreover, this court has previously expressed concern about the Dane County Jail's failure to preserve video footage for this same reason, especially more recently, given the relative ease and declining low cost of maintaining and/or storing video footage for longer periods of time. *See Allen v. Richardson*, No. 16-cv-410, 2019 WL 135683, at *1-2 (W.D. Wis. Jan. 8, 2019) (finding 25-35 day retention period problematic, "[g]iven the relative ease and limited cost" of storing video footage). At the very least, in this day and age, it would seem prudent and unburdensome for the DOC to maintain or store video footage for at least a year as a matter of course.

Yet defendant's response here does not even articulate whether the video footage Evens sought ever existed, if it was destroyed, or even what the DOC's general policy related to video retention was when Evans originally requested its preservation. This vague response only heightens the court's concern. As such, the court will require the defendant to provide a more robust description of the DOC's video retention policy with regard to: (1) whether any of the video footage Evans requested actually existed; (2) the length of time that video footage is normally retained as a matter of course within the DOC; and (3) any cost or storage-related reason why the DOC should not be required to retain all video footage for at least one year. The court will take this information into consideration if Evans renews his motions for sanctions.

Despite defense counsel's unsatisfying response related to the DOC's video retention practices, however, Evans has so far failed to establish that he is entitled to sanctions in this case. To start, Evans is proceeding against defendant Gallinger alone, not any additional defendants. Yet it is unclear what the video footage would show with respect to any other officers, much less Gallinger. Moreover, even assuming that lost video footage of Gallinger would have been relevant and helpful to Evans' claim, there is no suggestion in this record that defendant Gallinger was responsible its preserving or destruction, rather, that responsibility appears to lie with security personnel within the individual DOC institution. Indeed, Gallinger attests that he was unaware that the December 11, 2017, incident was captured on video, and he had no access to video footage for purposes of retaining or saving it. (Gallinger Decl. (dkt. #56) ¶¶ 3-6.)

Accordingly, plaintiff Evans has not come forward with evidence that defendant Gallinger failed to preserved relevant camera footage in bad faith to avoid adverse evidence against him, nor that he was otherwise involved in such inappropriate conduct. Rather, plaintiff's position is simply that because the footage was destroyed, he is entitled to sanctions against Gallinger. However, that is not how the standard for sanctions under Rule 37 works. With *no* evidence that Gallinger could have been involved in failing to preserve the camera footage from December 11, 2017, nor that the footage was destroyed in bad faith, Evans' motion must be denied without prejudice.

ORDER

IT IS ORDERED that:

1) Plaintiff LaDell Evans' motion for sanctions (dkt. #54) is DENIED without prejudice.

2) Defendant Gallinger has until **May 11, 2020,** provide a more robust description of the DOC's video retention policy, in particular, describing: (1) whether video footage of the plaintiff's cell or the hallway outside that cell on December 11, 2017, ever existed; (2) if so, the length of time that video footage was retained as a matter of course; (3) why it was not retained longer; and (4) any cost or storage-related reason why the DOC should not be required to retain all such video footage for at least one year.

Entered this 27th day of April, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge